DISTRICT COURT OF THE UNITED STATES
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:16-cv-370-FDW

| | |
|---|---|
| RUSSELL WAYNE STEVENS, | ) |
| Plaintiff, | ) |
| vs. | ) |
| | ) **ORDER** |
| DIRECTOR OF PRISONS, et al., | ) |
| Defendants. | ) |

**THIS MATTER** comes before the Court on initial review of this action filed pursuant to 42 U.S.C. § 1983, (Doc. No. 1). On December 5, 2016, the Court entered an order waiving the initial filing fee and directing monthly payments to be made from Plaintiff's prison account. (Doc. No. 5).

## I. BACKGROUND

Pro se Plaintiff Russell Wayne Stevens is a North Carolina inmate currently incarcerated at Craggy Correctional Institution in Asheville, North Carolina. Plaintiff filed this action on November 14, 2016, naming the following persons as Defendants: (1) the "Director of Prisons for the Western District"; (2) FNU Crowe, identified as a unit manager at Avery/Mitchell Correctional Institution; (3) FNU Banks, identified as a correctional officer at Avery/Mitchell; (4) FNU Ball, identified as a correctional officer at Avery/Mitchell; (5) Randy Mull, identified as a disciplinary hearing officer; and (6) FNU Ledford, identified as a correctional officer at Avery/Mitchell.

Plaintiff's action arises out of an incident on August 29, 2016, in which Defendants Banks, Ball, and Ledford allegedly used excessive force against Plaintiff while Plaintiff was

1

incarcerated at Avery/Mitchell. Plaintiff also alleges that he subsequently pled guilty under duress from Defendant Mull in a related disciplinary hearing. Plaintiff purports to bring Eighth Amendment claims for excessive force, as well as a Fourteenth Amendment due process claim against Defendants. As to Defendants "Director of Prisons" and Crowe, Plaintiff purports to impose liability against these Defendants based on supervisory liability. Plaintiff also purports to bring various state law tort claims against Defendants, including assault and negligence. Plaintiff seeks declaratory and injunctive relief, as well as damages.

## II. STANDARD OF REVIEW

Because Plaintiff is proceeding in forma pauperis, the Court must review the Complaint to determine whether it is subject to dismissal on the grounds that it is "frivolous or malicious [or] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). Furthermore, § 1915A requires an initial review of a "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," and the court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint is frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune from such relief. In its frivolity review, this Court must determine whether the Complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989).

## III. DISCUSSION

The Prison Litigation Reform Act ("PLRA") requires that a prisoner exhaust his administrative remedies before filing a Section 1983 action. 42 U.S.C. § 1997e(a). The PLRA provides, in pertinent part: "[n]o action shall be brought with respect to prison conditions under

2

section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." Id. In Porter v. Nussle, 534 U.S. 516 (2002), the Supreme Court held that the PLRA's exhaustion requirement applies to all inmate suits about prison life. The Court ruled that "exhaustion in cases covered by § 1997e(a) is now mandatory." Id. at 524 (citation omitted). The Porter Court stressed that under the PLRA, exhaustion must take place before the commencement of the civil action in order to further the efficient administration of justice. Id.

In Woodford v. Ngo, 548 U.S. 81 (2006), the Supreme Court held that the PLRA exhaustion requirement requires "proper" exhaustion: "Administrative law . . . requir[es] proper exhaustion of administrative remedies, which 'means using all steps that the agency holds out, and doing so properly (so that the agency addresses the issues on the merits).'" Id. at 90 (quoting Pozo v. McCaughtry, 286 F.3d 1022, 1024 (7th Cir. 2002)). In Jones v. Bock, 549 U.S. 199 (2007), the Supreme Court stated: "There is no question that exhaustion is mandatory under the PLRA and that unexhausted claims cannot be brought in court." Id. at 211 (citing Porter, 534 U.S. at 524).

The Fourth Circuit has determined that the PLRA does not require that an inmate allege or demonstrate that he has exhausted his administrative remedies. Anderson v. XYZ Correctional Health Servs., 407 F.3d 674 (4th Cir. 2005). Failure to exhaust administrative remedies is an affirmative defense. "The Court is not precluded, however, from considering at the outset whether an inmate has exhausted administrative remedies." Green v. Rubenstein, 644 F. Supp. 2d 723, 742 (S.D. W. Va. 2009). The Fourth Circuit stated in Anderson, 407 F.3d at 683, as follows:

[A]n inmate's failure to exhaust administrative remedies is an affirmative defense

3

to be pleaded and proven by the defendant. That exhaustion is an affirmative defense, however, does not preclude the district court from dismissing a complaint where the failure to exhaust is apparent from the face of the complaint, nor does it preclude the district court from inquiring on its own motion into whether the inmate exhausted all administrative remedies.

In North Carolina, state prisoners must complete a three-step administrative remedy procedure in order to exhaust their administrative remedies. See N.C. GEN. STAT. §§ 148-118.1 to 148-118.9 (Article 11A: Corrections Administrative Remedy Procedure); Moore v. Bennette, 517 F.3d 717, 721 (4th Cir. 2008). The law is settled that a plaintiff must exhaust administrative remedies before filing a claim, and a prisoner is not entitled to exhaust administrative remedies during the pendency of an action. Cannon v. Washington, 418 F.3d 714, 719 (7th Cir. 2005); Freeman v. Francis, 196 F.3d 641, 645 (6th Cir. 1999).

Plaintiff attached to his Complaint the initial grievance he submitted related to his claims here. (Doc. No. 1-1). Plaintiff filed his initial grievance related to the claims raised here on October 25, 2016. (Id.). Prison officials denied the grievance at Step One on November 2, 2016. (Doc. No. 6 at 1). Plaintiff appealed to Step Two, and prison officials denied the grievance at Step Two, but Plaintiff has not attached the Step Two response. See (Id.). Plaintiff filed this action on November 14, 2016. Plaintiff appealed his grievance to Step Three, and prison officials denied the grievance at Step Three on November 29, 2016. (Id. at 2). Here, the record clearly shows that Plaintiff filed this action before he had proceeded through all three steps of the administrative remedies process. Plaintiff, therefore, did not exhaust his claims before filing this action, and his claims must therefore be dismissed.

### IV. CONCLUSION

Plaintiff's action will be dismissed without prejudice for failure to exhaust administrative remedies.

4

**IT IS THEREFORE ORDERED** that:

(1) Plaintiff's action is **DISMISSED** without prejudice.

(2) The Clerk of Court is directed to terminate this action and mail this Order to Plaintiff's current place of incarceration, Craggy Correctional Center, and note such address change in the docket.

Signed: December 22, 2016

Frank D. Whitney
Chief United States District Judge